1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11  JAMES GREATHOUSE,

12              Plaintiff,

13      v.

14  CITY OF FRESNO, et al.,

15              Defendants.

16

Case No.  1:24-cv-00715-JLT-BAM

SCREENING ORDER GRANTING
PLAINTIFF LEAVE TO FILE AMENDED
COMPLAINT

(Doc. 4)

**THIRTY-DAY DEADLINE**

17          Plaintiff James Greathouse is proceeding *pro se* and *in forma pauperis* in this civil rights

18  action under 42 U.S.C. § 1983.  Plaintiff's signed complaint, filed on July 1, 2024, is currently

19  before the Court for screening.  (Doc. 4.)

20      **I.      Screening Requirement and Standard**

21          The Court screens complaints brought by persons proceeding pro se and in forma

22  pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to

23  dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be

24  granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28

25  U.S.C. § 1915(e)(2)(B)(ii).

26          A complaint must contain "a short and plain statement of the claim showing that the

27  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

28  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

2   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

3   true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

4   572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

5           To survive screening, Plaintiff's claims must be facially plausible, which requires

6   sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

7   for the misconduct alleged.  *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

8   *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

9   is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

10   standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

11           **II.        Plaintiff's Allegations**

12           Plaintiff brings this action against the City of Fresno and the Fresno Police Department.

13   Plaintiff alleges as follows:

14           Plaintiff brings this civil suit against each of the defendants because he was falsely
        arrested by the Fresno Police Department and was left in a patrol vehicle without

15      the air conditioner on in 105 degree hot weather.  When he yelled at the officers
        and told [them] it was [too] hot in the car, the officers left the windows up in the

16      vehicle and ignored him. This resulted in the Plaintiff having to be treated by an
        ambulance and taken to the hospital.

17

18   (Doc. 4 at 2.)

19           Plaintiff asserts claims for violation of his First, Fourteenth, and Fourth Amendment

20   rights.  He also asserts a claim for conspiracy to violate his civil rights under 42 U.S.C. § 1983, a

21   *Monell* claim, and a state law claim for intentional infliction of emotional distress.  As relief,

22   Plaintiff seeks compensatory and punitive damages.

23           **III.      Discussion**

24           Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

25   state a cognizable claim upon which relief may be granted.  Because he is proceeding pro se,

26   Plaintiff will be granted leave to amend his complaint to the extent that he can do so in good faith.

27   To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his

28   claims.

### A.    Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly allege what happened, when it happened, or who was involved.  The complaint does not provide any factual allegations concerning the circumstances preceding his arrest and placement in the patrol vehicle.  If Plaintiff elects to amend his complaint, he must clearly state what happened, when it happened, and who was involved.

### B.    *Monell* Liability

Plaintiff names the Fresno Police Department and the City of Fresno as defendants, but does not identify any actions either entity took to violate his rights.  Recent Ninth Circuit authority makes clear that "both California municipalities and police departments are 'persons' amenable to suit under § 1983." *Est. of Debbs v. County of Sacramento*, No. 2:20-cv-01153-TLN-DB, 2023 WL 4108320, at *4 (E.D. Cal. June 21, 2023) (quoting *Duarte v. City of Stockton*, 60 F.4th 566, 568 (9th Cir. 2023)).  "Bringing a section 1983 claim against a municipal police department is essentially bringing the claim against the municipality." *Robertson v. Merced County*, No. 1:24-CV-00009-BAM (PC), 2024 WL 3091166, at *4 (E.D. Cal. June 21, 2024) (citing *Annan-Yartey v. Honolulu Police Dep't*, 351 F. App'x 243, 246 (9th Cir. 2009)).

Municipalities "cannot be held liable [for the actions of their employees] under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 591 (1978).  Instead, the constitutional injury must occur during the execution of an official "policy or custom." *Id.* at 694.  "A plaintiff may assert *Monell* liability based on: (1) an official policy; (2) a

'longstanding practice or custom which constitutes the standard operating procedure of the local government entity'; (3) the act of an 'official whose acts fairly represent official policy such that the challenged action constituted official policy'; or (4) where "an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" *Bustamante v. County of Shasta*, No. 2:23-cv-01552-TLN-DMC, 2024 WL 3673529, at *2 (E.D. Cal. Aug. 6, 2024) (quoting *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008)).  Plaintiff does not allege any official policy, practice, or custom of either the police department or the city, nor does he allege delegation or ratification by an official with final policy-making authority sufficient to support *Monell* liability against the police department or city.

**C.     First Amendment**

The First Amendment to the U.S. Constitution contains multiple protections.  Plaintiff alleges here that "the acts complained of . . . were retaliatory and directed toward [him] because of his statements, including criticism of the defendants['] conduct."  (Doc. 4 at 3.)  These allegations appear to align with a protected speech retaliation claim, though Plaintiff does not state sufficient facts to establish that as the basis for his claim. "To state a speech retaliation claim under the First Amendment, plaintiff must state facts showing that he engaged in protected speech and that the officers retaliated against him, with the speech being a 'substantial or motivating factor' behind the arrest." *Ward v. Redding Police Dep't*, No. 2:24-cv-00978 TLN AC PS, 2024 WL 1660305, at *3 (E.D. Cal. Apr. 17, 2024) (quoting *Nieves v. Bartlett*, 139 S. Ct. 1715, 1726 (2019)).  "The presence of probable cause should generally defeat a First Amendment retaliatory arrest claim." *Nieves*, 139 S. Ct. 1726.  Plaintiff does not adequately allege that he engaged in protected speech, nor does he allege the circumstances surrounding his arrest.

**D.     Fourth Amendment**

Plaintiff brings claims under the Fourth Amendment, alleging unlawful search and seizure, and the use of excessive force.   (Doc. 4 at 4-5.)

**1.   Unlawful Seizure**

Plaintiff alleges that defendants subjected him to an "unlawful seizure, detention, and prolonged detention."  (Doc. 4 at 4.)   To state a claim for unlawful seizure or detention, Plaintiff

4

1  "must allege facts plausibly showing that, considering the circumstances known to the officer at

2  the time, (1) the officer did not have a reasonable suspicion to believe that Plaintiff was engaged

3  in criminal activity, and (2) the length and scope of the seizure was unreasonable. *Calderon v.*

4  *City of San Jose*, No. 24-cv-00289-VKD, 2024 WL 3560729, at \*3 (N.D. Cal. July 26, 2024)

5  (citing *Washington v. Lambert*, 98 F.3d 1181, 1185 (9th Cir. 1996)).

6        Plaintiff fails to state a claim for unlawful seizure.  The complaint is silent as to the events

7  or circumstances preceding Plaintiff's alleged seizure or detention by officers.  Plaintiff's

8  complaint also is silent regarding the length and scope of any seizure.

9        Plaintiff also appears to assert that he was falsely arrested.  A claim for unlawful arrest is

10  cognizable under § 1983 as a violation of the Fourth Amendment, provided "the arrest was

11  without probable cause or other justification." *Dubner v. City & Cty. of San Francisco*, 266 F.3d

12  959, 964 (9th Cir. 2001). To state a claim under § 1983 for false arrest and imprisonment,

13  however, a plaintiff must allege facts "to demonstrate that there was no probable cause to arrest

14  him." *See Cabrera v. City of Huntingdon Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *George*

15  *v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992)). Probable cause "exists when under the

16  totality of the circumstances known to the arresting officers, a prudent person would have

17  concluded that there was a fair probability that [the person arrested] had committed a crime."

18  *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991) (quoting *United States v. Smith*, 790 F.2d

19  789, 792 (9th Cir. 1986)).

20        Here, Plaintiff alleges only that he was "falsely arrested."  (Doc. 4 at 2.)  However, this

21  general, conclusory statement is not sufficient to state a claim. Plaintiff's complaint fails to allege

22  facts to support a lack of probable cause for his arrest. A peace officer who arrests someone with

23  probable cause is not liable for false arrest simply because the innocence of the suspect is later

24  proved. *Pierson v. Ray*, 386 U.S. 547, 555 (1967).

25                    **2.  Unlawful Search**

26        Plaintiff alleges that he was subjected to "unlawful searches."  (Doc. 4 at 5.)  The Fourth

27  Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers,

28  and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const.

Amend. IV.  The Fourth Amendment only prohibits unreasonable searches.  *See*, *e.g.*, *Bell v. Wolfish*, 441 U.S. 520, 558 (1979).  "To establish a viable Fourth Amendment claim, a plaintiff must show not only that there was a search . . . as contemplated by the Fourth Amendment, but also that said search . . . was unreasonable and conducted without consent."  *Williams v. Drakaina Logistics*, No. 1:21-cv-01436-NONE-SKO, 2022 WL 36957, at *5 (E.D. Cal. Jan. 3, 2022) (citations omitted).

Here, there are no factual allegations in Plaintiff's complaint indicating that he was subjected to a search.  There are also no factual allegations suggesting that any such search was unreasonable or conducted without consent.  Plaintiff's vague and conclusory assertion of "unlawful searches" is not sufficient to state a cognizable Fourth Amendment claim.

### 3.  Excessive Force

A claim of excessive force in the context of an arrest or investigatory stop implicates the Fourth Amendment right to be free from "unreasonable ... seizures." U.S. Const. amend. IV; *see Graham v. Connor*, 490 U.S. 386, 394 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted). Whether a law enforcement officer's use of force was "objectively reasonable" depends upon the totality of the facts and circumstances confronting him. *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir.) (en banc) (quoting *Graham*, 490 U.S. at 397), *cert. denied*, 545 U.S. 1128 (2005).

A court must "first assess the quantum of force used to arrest the plaintiff by considering the type and amount of force inflicted." *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (internal quotation marks and brackets omitted). Second, a court balances the government's countervailing interests. This involves considering "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Using these factors, a court must determine "whether the force employed was greater than is reasonable under the circumstances." *Drummond*, 343 F.3d at 1058.

Here, Plaintiff fails to allege the circumstances surrounding the alleged use of force, including when it happened, where it happened, and who was involved. Instead, Plaintiff includes only a conclusory assertion of "unlawful, unwanted, and harmful touching." (Doc. 4 at 5.) As pled, the Court cannot find that Plaintiff has stated a cognizable excessive force claim based on alleged unlawful touching.

However, Plaintiff may be able to assert a Fourth Amendment claim arising from his arrest and detention in a patrol vehicle in 105° heat with the windows rolled up and without air conditioning. Post-arrest detention in a hot, unventilated police vehicle may constitute excessive force under the Fourth Amendment. *See Kassab v. San Diego Police Dep't*, 453 F. App'x 747, 748 (9th Cir. 2011) (finding genuine issue of material fact existed as to whether police used excessive in leaving arrestee in hot police car in violation of the Fourth Amendment); *see also Burchett v. Kiefer*, 310 F.3d 937, 945 (6th Cir. 2002) (post-arrest detention in police vehicle with windows rolled up in 90 degree heat for three hours constituted excessive force under the Fourth Amendment); *Perez v. County of Los Angeles*, No. CV 22-7696 SVW (AS), 2024 WL 3280697, at *6 n.5 (C.D. Cal. June 3, 2024), report and recommendation adopted, No. CV 22-7696-SVW (AS), 2024 WL 3278930 (C.D. Cal. July 1, 2024) ("Prolonged detention in a hot, unventilated police car may amount to a Fourth Amendment violation because unnecessary exposure to heat may be objectively unreasonable under certain circumstances." (citation omitted)); *Abu v. County of San Diego*, No. 3:21-cv-01622-BTM-AGS, 2022 WL 2229423, at *5 (S.D. Cal. June 17, 2022) (concluding that post-arrest detention in a hot, unventilated police vehicle may constitute excessive force in violation of Fourth Amendment); *Gomez v. Norris*, No. 1:20-cv-00662-AWI-BAM, 2020 WL 3491585, at *4 (E.D. Cal. June 26, 2020) (same).

Although an "unnecessary exposure to heat" may cause a constitutional violation, *see Dillman v. Tuolumne County*, No. 1:13-CV-00404 LJO SKO, 2013 WL 1907379, at *10 (E.D. Cal. May 7, 2013), being briefly detained in uncomfortable conditions, such as a hot patrol car, does not amount to a constitutional violation. *See Arias v. Amador*, 61 F. Supp. 3d 960, 976 (E.D. Cal. 2014) (post-arrest detention for approximately 15 minutes in "very hot" police car with window rolled down about 4 inches not in violation of the Fourth Amendment); *Esmont v. City of*

*New York*, 371 F.Supp.2d 202, 214 (S.D.N.Y. 2005) (finding no Fourth Amendment violation where plaintiff held in hot police car for ten minutes without injury).

Here, Plaintiff's complaint fails to provide sufficient factual allegations to state a cognizable excessive force claim based on his post-arrest detention in a patrol vehicle.  Plaintiff's complaint provides only scant details regarding his placement in the patrol vehicle with no indication as to the length or scope of his placement in the patrol vehicle.

### E.     Fourteenth Amendment

Plaintiff appears to allege a violation of his substantive due process rights.  (Doc. 4 at 3-4.)  "The due process clause of the Fourteenth Amendment protects two distinct but related rights: procedural due process and substantive due process." *Williams v. Fresno Cnty. Dep't of Soc. Servs.*, No. 1:21–CV–00596–DAD–SAB, 2021 WL 3033578, at *6 (E.D. Cal. July 19, 2021), report and recommendation adopted, 2021 WL 4751408 (E.D. Cal. Oct. 12, 2021) (citing *Albright v. Oliver*, 510 U.S. 266, 272 (1994)). "The substantive protections of the due process clause bar certain governmental actions regardless of the fairness of the procedures that are used to implement them. Therefore, the substantive protections of the due process clause are intended to prevent government officials from abusing their power or employing it as an instrument of oppression." *Williams*, 2021 WL 3033578, at *6 (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 840, 846 (1998)). The Supreme Court has held that "the substantive component of the Due Process Clause is violated ... only when [official conduct] 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *Lewis*, 523 U.S. at 847. "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense." *Lewis*, 523 U.S. at 846.

"Substantive due process is ordinarily reserved for those rights that are 'fundamental.'" *Williams*, 2021 WL 3033578, at *7 (quoting *Brittain v. Hansen*, 451 F.3d 982, 990 (9th Cir. 2006). "To state a substantive due process claim, a plaintiff must "show both a deprivation of [his] liberty and conscience shocking behavior by the government." *Brittain*, 451 F.3d at 991.

Plaintiff premises his substantive due process claim on allegations that he was "falsely detained, and treated inhumane when he was left in a patrol vehicle without the air conditioner on

8

or the windows down in a 105 degree weather." (Doc. 4 at 4.) These acts do not rise to the level of "conscience shocking" behavior in the context of a Fourteenth Amendment claim and are more appropriately raised as Fourth Amendment violations. Plaintiff's conclusory assertion that these acts "were shocking to the conscience, beyond the bounds of acts tolerable in a civilized society, and so egregious and outrageous that they may fairly be said to shock the contemporary conscience," (*id.* at 3-4), is not sufficient.

### F.   Conspiracy to Violate Civil Rights

Plaintiff forwards a claim for conspiracy to violation his civil rights under 42 U.S.C. § 1983. A conspiracy claim brought under § 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted) (discussing conspiracy claim under § 1985); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) ("To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." (citation omitted)).

Plaintiff's allegations of conspiracy under § 1983 fail to state a claim because his allegations are conclusory and merely speculative. Plaintiff does not allege any specific facts showing that Defendants had an agreement to violate his constitutional rights. Rather, Plaintiff's complaint includes only a conclusory allegation that Defendants "acted . . in conspiracy with, and with the agreement, permission, ratification, and approval, of each other to violate [his] civil

rights afforded under the United States Constitution." (Doc. 4 at 6-7.) This is not sufficient. Plaintiff also asserts "joint conduct to collaborate to fabricate and advance false police reports to cover up the defendant being left in the back of the patrol car without the air conditioner and the windows up in a 105 degree weather." (*Id.* at 6.) This allegation also is conclusory and is insufficient to state a conspiracy claim. Plaintiff's complaint provides no factual allegations pertaining to the alleged fabricated police reports or the persons involved in any alleged conspiracy.

### G.   State Law Claims

Plaintiff asserts a state law claim for intentional infliction of emotional distress. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, the Court will not screen Plaintiff's state law claims.

### IV.   Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

3.      If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 2, 2024**                    /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE