# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GREATHOUSE,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF FRESNO, et al.,<br><br>    Defendants. | Case No. 1:24-cv-00715-JLT-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>(Doc. 9)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff James Greathouse is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  On October 3, 2024, the Court screened Plaintiff's complaint and granted him leave to amend.  (Doc. 8.)  Plaintiff's first amended complaint, filed on November 6, 2024, is currently before the Court for screening.  (Doc. 9.)

**I.    Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff brings this action against the City of Fresno and the Fresno Police Department. Plaintiff asserts that this action arises from him being falsely arrested.  (Doc. 9 at 1.)  In relevant part, he alleges as follows:

> The young officer who walk to the female officer it escalated the situation between me and the young officer.  This isn't just about me, its about every black man every black woman who would experience something similar who had been mistreated misjudged or worse this isn't about me James Greathouse it's a symbol of the injustice that to many had experienced a visual reminder of how deep-rooted prejudice and assumptions could tear the fabric of society and in the midst of it all I would stand tall calm and unshaken even as the people around me seeded to spiral into anger.

(*Id.* at 1) (unedited text).

Plaintiff also alleges:

> With the humiliation I was enduring the pain of being arrested for no other reason other than to color of my skin and being assaulted by a police officer for no reason other than the color of my skin and the frustration that simmered beneath the surface this not just about me its about the countless men and women who had worse outcomes.  Its not just a mistake.  All they could say to me, that this matter will not be without an investigation.  How many investigations get swept under the carpet.

(Doc. 9 at 1-2) (unedited text).

Plaintiff further alleges:

> It wouldn't matter to the officer's weather or not I was saying all the seen that I was

2

> a black man and assumed I was a threat. That's al thy needed to justify that I am guilty. The officer believing in their badge believing that it gives them the authority to control any situation to make snap judgement without consequence. The officers need to face the reality of their actions. The damages were done and I was mistreated and misjudge or worse also this is about the system that allows this to keep happening this is about accountability.

(Doc. 9 at 2) (unedited text).

Plaintiff requests judgment in the amount of five million dollars. (*Id.*)

### III. Discussion

Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted. Because he is proceeding pro se, Plaintiff will be granted a **final opportunity** to amend his complaint to the extent that he can do so in good faith. To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's amended complaint is short, it is not a plain statement of his claims. The amended complaint does not include basic factual allegations regarding what happened, when it happened, or who was involved. Bare assertions that Plaintiff was "falsely arrested" and "assaulted" are not sufficient. Plaintiff's complaint must contain sufficient factual detail for the Court to reasonably infer that the named plaintiffs are liable for the alleged misconduct. Plaintiff's amended complaint does not provide any factual allegations concerning the circumstances or his arrest or the alleged assault. If Plaintiff elects to amend his complaint, he

3

must clearly state what happened, when it happened, and who was involved.

   B.   *Monell* Liability

Plaintiff names the Fresno Police Department and the City of Fresno as defendants, but does not identify any actions either entity took to violate his rights. Recent Ninth Circuit authority makes clear that "both California municipalities and police departments are 'persons' amenable to suit under § 1983." *Est. of Debbs v. County of Sacramento*, No. 2:20-cv-01153-TLN-DB, 2023 WL 4108320, at *4 (E.D. Cal. June 21, 2023) (quoting *Duarte v. City of Stockton*, 60 F.4th 566, 568 (9th Cir. 2023)). "Bringing a section 1983 claim against a municipal police department is essentially bringing the claim against the municipality." *Robertson v. Merced County*, No. 1:24-CV-00009-BAM (PC), 2024 WL 3091166, at *4 (E.D. Cal. June 21, 2024) (citing *Annan-Yartey v. Honolulu Police Dep't*, 351 F. App'x 243, 246 (9th Cir. 2009)).

Municipalities "cannot be held liable [for the actions of their employees] under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 591 (1978). Instead, the constitutional injury must occur during the execution of an official "policy or custom." *Id.* at 694. "A plaintiff may assert *Monell* liability based on: (1) an official policy; (2) a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity'; (3) the act of an 'official whose acts fairly represent official policy such that the challenged action constituted official policy'; or (4) where "an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" *Bustamante v. County of Shasta*, No. 2:23-cv-01552-TLN-DMC, 2024 WL 3673529, at *2 (E.D. Cal. Aug. 6, 2024) (quoting *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008)).

Plaintiff's amended complaint does not allege any official policy, practice, or custom of either the police department or the city, nor does it allege delegation or ratification by an official with final policy-making authority sufficient to support *Monell* liability.

   C.   **Fourth Amendment**

      1.   **False Arrest**

Plaintiff alleges that this case arises from his false arrest. A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided "the arrest was

4

without probable cause or other justification." *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). To state a claim under § 1983 for false arrest and imprisonment, however, a plaintiff must allege facts "to demonstrate that there was no probable cause to arrest him." *See Cabrera v. City of Huntingdon Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992)). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991) (quoting *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)).

Here, Plaintiff alleges that he was "falsely arrested" for no other reason than the color of his skin. (Doc. 9 at 2.) This conclusory allegation is not sufficient to state a cognizable claim for false arrest. Plaintiff's amended complaint fails to allege any facts concerning the circumstances of his arrest, including when he was arrested, where he was arrested, who was involved, and what happened.

**2. Excessive Force**

Plaintiff alleges that he was assaulted by a police officer. (Doc. 9 at 2.) A claim of excessive force in the context of an arrest or investigatory stop implicates the Fourth Amendment right to be free from "unreasonable ... seizures." U.S. Const. amend. IV; *see Graham v. Connor*, 490 U.S. 386, 394 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted). Whether a law enforcement officer's use of force was "objectively reasonable" depends upon the totality of the facts and circumstances confronting him. *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir.) (en banc) (quoting *Graham*, 490 U.S. at 397), *cert. denied*, 545 U.S. 1128 (2005).

A court must "first assess the quantum of force used to arrest the plaintiff by considering the type and amount of force inflicted." *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (internal quotation marks and brackets omitted). Second, a court balances the

5

1  government's countervailing interests. This involves considering "the severity of the crime at
2  issue, whether the suspect poses an immediate threat to the safety of the officers or others, and
3  whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S.
4  at 396. Using these factors, a court must determine "whether the force employed was greater than
5  is reasonable under the circumstances." *Drummond*, 343 F.3d at 1058.

6  Here, Plaintiff fails to allege the circumstances surrounding the alleged use of force,
7  including when it happened, where it happened, who was involved, and what happened.
8  Plaintiff's amended complaint includes only a conclusory assertion that he was "assaulted," but
9  does not contain sufficient factual detail for the Court to reasonably infer that the named plaintiffs
10 are liable for the alleged misconduct.

11  **D.   State Law Claim**

12  Plaintiff may be attempting to assert a state law claim for assault.  Under 28 U.S.C. §
13  1367(a), in any civil action in which the district court has original jurisdiction, the "district courts
14  shall have supplemental jurisdiction over all other claims that are so related to claims in the action
15  within such original jurisdiction that they form part of the same case or controversy under Article
16  III of the United States Constitution," except as provided in subsections (b) and (c).  The Supreme
17  Court has stated that "if the federal claims are dismissed before trial, . . . the state claims should
18  be dismissed as well."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).
19  Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must
20  first have a cognizable claim for relief under federal law.  28 U.S.C. § 1367.  As Plaintiff has not
21  stated a cognizable claim for relief under federal law, the Court will not screen any purported
22  state law claim.

23  **IV.   Conclusion and Order**

24  Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and
25  fails to state a cognizable claim for relief.  As Plaintiff is proceeding pro se, the Court will grant
26  Plaintiff a **final opportunity** to amend his complaint to cure the identified deficiencies to the
27  extent he is able to do so in good faith.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).
28  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

1  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556
2  U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise
3  a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

4     Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated
5  claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no
6  "buckshot" complaints).

7     Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.
8  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended
9  complaint must be "complete in itself without reference to the prior or superseded pleading."
10 Local Rule 220.

11    Based on the foregoing, it is HEREBY ORDERED that:
12    1.   The Clerk's Office shall send Plaintiff a complaint form;
13    2.   Within thirty (30) days from the date of service of this order, Plaintiff shall file an
14 amended complaint curing the deficiencies identified by the Court in this order (or file a notice of
15 voluntary dismissal); and
16    3.   If Plaintiff fails to file an amended complaint in compliance with this order, the
17 Court will recommend dismissal of this action for failure to obey a court order and for failure to
18 state a claim.

IT IS SO ORDERED.

   Dated:  **November 7, 2024**          /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

7