UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GREATHOUSE, | Case No. 1:24-cv-00715-JLT-BAM |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| v. | (Doc. 10) |
| CITY OF FRESNO, et al., | **FOURTEEN-DAY DEADLINE** |
| Defendants. | |

Plaintiff James Greathouse ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action under 4 U.S.C. § 1983. For the reasons that follow, the Court will recommend that this action be dismissed for failure to obey a court order, for failure to prosecute, and for failure to state a claim.

**I.    Background**

Plaintiff initiated this action on June 20, 2024, and filed a signed complaint on July 1, 2024. (See Docs. 2, 3, and 4.) On October 3, 2024, the Court screened Plaintiff's complaint and granted him leave to amend. (Doc. 8.) Plaintiff filed a first amended complaint on November 6, 2024. (Doc. 9.) On November 8, 2024, the Court screened Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915(e)(2), and determined that the amended complaint failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim for relief. (Doc. 10.) The Court granted Plaintiff leave to file a second amended complaint within thirty (30) days of

1

service of the Court's order.  (Doc. 10.)  Plaintiff was expressly warned that if he failed to file an amended complaint in compliance with the Court's order, then the Court would recommend dismissal of this action for failure to obey a court order and for failure to state a claim.  (*Id.* at 7.)  The deadline for Plaintiff to file a second amended complaint has passed and Plaintiff has not complied with the Court's order.  The Court therefore will recommend dismissal of this action.

**II.     Failure to State a Cognizable Claim**

**A.  Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**B.  Summary of Plaintiff's Allegations**

Plaintiff brings this action against the City of Fresno and the Fresno Police Department.  Plaintiff asserts that this action arises from him being falsely arrested.  (Doc. 9 at 1.)

2

In relevant part, Plaintiff alleges as follows:

> The young officer who walk to the female officer it escalated the situation between me and the young officer. This isn't just about me, its about every black man every black woman who would experience something similar who had been mistreated misjudged or worse this isn't about me James Greathouse it's a symbol of the injustice that to many had experienced a visual reminder of how deep-rooted prejudice and assumptions could tear the fabric of society and in the midst of it all I would stand tall calm and unshaken even as the people around me seeded to spiral into anger.

(*Id.* at 1) (unedited text).

Plaintiff also alleges:

> With the humiliation I was enduring the pain of being arrested for no other reason other than to color of my skin and being assaulted by a police officer for no reason other than the color of my skin and the frustration that simmered beneath the surface this not just about me its about the countless men and women who had worse outcomes. Its not just a mistake. All they could say to me, that this matter will not be without an investigation. How many investigations get swept under the carpet.

(Doc. 9 at 1-2) (unedited text).

Plaintiff further alleges:

> It wouldn't matter to the officer's weather or not I was saying all the seen that I was a black man and assumed I was a threat. That's al thy needed to justify that I am guilty. The officer believing in their badge believing that it gives them the authority to control any situation to make snap judgement without consequence. The officers need to face the reality of their actions. The damages were done and I was mistreated and misjudge or worse also this is about the system that allows this to keep happening this is about accountability.

(Doc. 9 at 2) (unedited text).

Plaintiff requests judgment in the amount of five million dollars. (*Id.*)

### C. Discussion

#### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570,

3

127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's amended complaint is short, it is not a plain statement of his claims. The amended complaint does not include basic factual allegations regarding what happened, when it happened, or who was involved.  Bare assertions that Plaintiff was "falsely arrested" and "assaulted" are not sufficient.  Plaintiff's complaint must contain sufficient factual detail for the Court to reasonably infer that the named plaintiffs are liable for the alleged misconduct.  Plaintiff's amended complaint does not provide any factual allegations concerning the circumstances or his arrest or the alleged assault.

### 2. *Monell* Liability

Plaintiff names the Fresno Police Department and the City of Fresno as defendants, but does not identify any actions either entity took to violate his rights.  Recent Ninth Circuit authority makes clear that "both California municipalities and police departments are 'persons' amenable to suit under § 1983." *Est. of Debbs v. County of Sacramento*, No. 2:20-cv-01153-TLN-DB, 2023 WL 4108320, at *4 (E.D. Cal. June 21, 2023) (quoting *Duarte v. City of Stockton*, 60 F.4th 566, 568 (9th Cir. 2023)).  "Bringing a section 1983 claim against a municipal police department is essentially bringing the claim against the municipality." *Robertson v. Merced County*, No. 1:24-CV-00009-BAM (PC), 2024 WL 3091166, at *4 (E.D. Cal. June 21, 2024) (citing *Annan-Yartey v. Honolulu Police Dep't*, 351 F. App'x 243, 246 (9th Cir. 2009)).

Municipalities "cannot be held liable [for the actions of their employees] under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 591 (1978).  Instead, the constitutional injury must occur during the execution of an official "policy or custom." *Id.* at 694.  "A plaintiff may assert *Monell* liability based on: (1) an official policy; (2) a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity'; (3) the act of an 'official whose acts fairly represent official policy such that the challenged action constituted official policy'; or (4) where "an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" *Bustamante v. County of Shasta*, No. 2:23-cv-01552-TLN-DMC, 2024 WL 3673529, at *2 (E.D.

Cal. Aug. 6, 2024) (quoting *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008)).

Plaintiff's amended complaint does not allege any official policy, practice, or custom of either the police department or the city, nor does it allege delegation or ratification by an official with final policy-making authority sufficient to support *Monell* liability.

### 3. Fourth Amendment

#### a. False Arrest

Plaintiff alleges that this case arises from his false arrest. A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided "the arrest was without probable cause or other justification." *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). To state a claim under § 1983 for false arrest and imprisonment, however, a plaintiff must allege facts "to demonstrate that there was no probable cause to arrest him." *See Cabrera v. City of Huntingdon Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992)). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991) (quoting *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)).

Here, Plaintiff alleges that he was "falsely arrested" for no other reason than the color of his skin. (Doc. 9 at 2.) This conclusory allegation is not sufficient to state a cognizable claim for false arrest. Plaintiff's amended complaint fails to allege any facts concerning the circumstances of his arrest, including when he was arrested, where he was arrested, who was involved, and what happened.

#### b. Excessive Force

Plaintiff alleges that he was assaulted by a police officer. (Doc. 9 at 2.) A claim of excessive force in the context of an arrest or investigatory stop implicates the Fourth Amendment right to be free from "unreasonable ... seizures." U.S. Const. amend. IV; *see Graham v. Connor*, 490 U.S. 386, 394 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality

5

of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted). Whether a law enforcement officer's use of force was "objectively reasonable" depends upon the totality of the facts and circumstances confronting him. *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir.) (en banc) (quoting *Graham*, 490 U.S. at 397), *cert. denied*, 545 U.S. 1128 (2005).

A court must "first assess the quantum of force used to arrest the plaintiff by considering the type and amount of force inflicted." *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (internal quotation marks and brackets omitted). Second, a court balances the government's countervailing interests. This involves considering "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Using these factors, a court must determine "whether the force employed was greater than is reasonable under the circumstances." *Drummond*, 343 F.3d at 1058.

Here, Plaintiff fails to allege the circumstances surrounding the alleged use of force, including when it happened, where it happened, who was involved, and what happened. Plaintiff's amended complaint includes only a conclusory assertion that he was "assaulted," but does not contain sufficient factual detail for the Court to reasonably infer that the named plaintiffs are liable for the alleged misconduct.

### 4. State Law Claims

Plaintiff may be attempting to assert a state law claim for assault. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367.

**III. Failure to Obey a Court Order and Failure to Prosecute**

    **A.**    **Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

    **B.**    **Discussion**

Here, Plaintiff's second amended complaint is overdue. The action cannot proceed without Plaintiff's cooperation and compliance with the Court's order. Moreover, the Court cannot hold this case in abeyance awaiting compliance by Plaintiff. The Court additionally cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*,

7

291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's November 8, 2024 screening order expressly warned Plaintiff that his failure to comply would result in a recommendation for dismissal of this action.  (Doc. 10 at 7.)  Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff's *in forma pauperis* status in this action indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### III. Conclusion and Recommendation

For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim, for failure to obey a court order, and for failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  Plaintiff is advised that failure to file objections within the

///

//

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:   **December 19, 2024**                    /s/ Barbara A. McAuliffe
                                                                  UNITED STATES MAGISTRATE JUDGE