1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GREATHOUSE, | Case No.  1:24-cv-00715-JLT-BAM |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE THIRD AMENDED COMPLAINT |
| v. | |
| CITY OF FRESNO, et al., | (Doc. 11) |
| Defendants. | **THIRTY-DAY DEADLINE** |

Plaintiff James Greathouse is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  On November 8, 2024, the Court screened Plaintiff's first amended complaint and granted him leave to amend within thirty days.  (Doc. 10.)  Although untimely, Plaintiff's second amended complaint, filed on December 18, 2024, is currently before the Court for screening.  (Doc. 11.)

**I.      Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations in Second Amended Complaint**

Plaintiff brings this action against the City of Fresno.  Plaintiff asserts that this case arises from the Fresno Police Department "falsely arresting Plaintiff, leaving him in the hot car with no air conditioner with the windows rolled up for 15 minutes in a 113-degree weather that resulted in Plaintiff needing medical treatment and placed in the emergency room due to lack of oxygen." (Doc. 11 at 1.)

Plaintiff alleges that on May 16, 2024, he "called 911 because his daughters mother Kayla Hicks was on crystal meth, when the officer arrived, the officer allowed Kayla Hicks to run off with Plaintiffs daughter while Kayla was under the influence of crystal meth."  (Doc. 11 at 1.) Plaintiff further alleges:

> Plaintiff asked the police, what if that was your daughter, the officer then stated what did you say about my daughter and put his hand on his gun if he was going to pull it out and shoot Plaintiff.  The officer then took his hand off his gun and grabbed Plaintiff and put him in a choke hold and placed Plaintiff under arrest. There was another person that filmed the incident on there cell phone that captured the whole incident.  Plaintiff then informed the officer why did he get arrested when he is the one who called the police on Kayla Hicks.  The officer then falsely created a story and stated I was a black man chasing a white woman.  I was then booked into the Fresno County jail.

(Doc. 11 at 2.)

Additionally, Plaintiff alleges: "On August 24, 2024 Deputy Carl Monopoli from the District attorney's office reviewed the evidence in this case and set a memorandum that stated they where in no way at all was going to prosecute me in this case and turned down all charges." (Doc. 11 at 2.)

As relief, Plaintiff requests that the City of Fresno be held accountable for the false arrest. He also requests judgment in the amount of $100,000 for the "false arrest that resulted in him being arrested locked up and left in a hot vehicle for 15 minutes with the windows rolled up with no air conditioner in a 113-degree weather that resulted in him having medical treatment." (Doc. 11 at 2.)

### III. Discussion

### A. Civil Rights Act – Linkage

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link Defendant City of Fresno to any wrongful conduct. Rather, Plaintiff's second amended complaint involves the alleged actions of individual police officers. Municipalities, like the City of Fresno, "cannot be held liable [for the actions of their employees] under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Instead, the constitutional injury must occur during the execution of an official "policy or custom." *Id.* at 694. "A plaintiff may assert *Monell* liability based on: (1) an official policy; (2) a 'longstanding

3

practice or custom which constitutes the standard operating procedure of the local government entity'; (3) the act of an 'official whose acts fairly represent official policy such that the challenged action constituted official policy'; or (4) where "an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" *Bustamante v. County of Shasta*, No. 2:23-cv-01552-TLN-DMC, 2024 WL 3673529, at *2 (E.D. Cal. Aug. 6, 2024) (quoting *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008)).

Plaintiff's amended complaint does not allege any official policy, practice, or custom of the City of Fresno, nor does it allege delegation or ratification by an official with final policy-making authority sufficient to support *Monell* liability.  To the extent Plaintiff seeks to bring § 1983 claims against the individual police officers, he has failed to name them as defendants in this action.  If Plaintiff wishes to name these officers as defendants in an amended complaint, and does not yet know their names, he may name them as John Doe 1, John Doe 2, and so forth. In any amended complaint, Plaintiff must allege factual support for what each John Doe did that violated Plaintiff's rights.

### B.    Fourth Amendment

#### 1.    False Arrest

Plaintiff alleges that this case arises from his false arrest.  A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided "the arrest was without probable cause or other justification." *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). To state a claim under § 1983 for false arrest and imprisonment, however, a plaintiff must allege facts "to demonstrate that there was no probable cause to arrest him." *See Cabrera v. City of Huntingdon Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992)).  Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991) (quoting *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)).

At the pleading stage, Plaintiff's second amended complaint appears to allege sufficient

1   facts to state a cognizable false arrest claim.  However, Plaintiff has not linked the City of Fresno

2   to this claim, and has not named any individual police officer as a defendant.  As discussed, if

3   Plaintiff wishes to name any of the officers as defendants in an amended complaint, and does not

4   yet know their names, he may name them as John Doe 1, John Doe 2, and so forth, and must

5   allege factual support for what each John Doe did that violated Plaintiff's rights.

6          **2.   Excessive Force**

7         A claim of excessive force in the context of an arrest or investigatory stop implicates the

8   Fourth Amendment right to be free from "unreasonable ... seizures." U.S. Const. amend. IV; *see*

9   *Graham v. Connor*, 490 U.S. 386, 394 (1989). "Determining whether the force used to effect a

10  particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of

11  'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against

12  the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted).

13  Whether a law enforcement officer's use of force was "objectively reasonable" depends upon the

14  totality of the facts and circumstances confronting him. *Smith v. City of Hemet*, 394 F.3d 689, 701

15  (9th Cir.) (en banc) (quoting *Graham*, 490 U.S. at 397), *cert. denied*, 545 U.S. 1128 (2005).

16        A court must "first assess the quantum of force used to arrest the plaintiff by considering

17  the type and amount of force inflicted." *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th

18  Cir. 2003) (internal quotation marks and brackets omitted). Second, a court balances the

19  government's countervailing interests. This involves considering "the severity of the crime at

20  issue, whether the suspect poses an immediate threat to the safety of the officers or others, and

21  whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S.

22  at 396. Using these factors, a court must determine "whether the force employed was greater than

23  is reasonable under the circumstances." *Drummond*, 343 F.3d at 1058.

24        At the pleading stage, Plaintiff's second amended complaint states a cognizable claim for

25  excessive force premised on allegations that a police officer grabbed Plaintiff and put him in a

26  choke hold.  However, as with his false arrest claim, Plaintiff has not linked the City of Fresno to

27  this claim, and has not named any individual police officer as a defendant.  Again, if Plaintiff

28  wishes to name any of the officers as defendants in an amended complaint, and does not yet know

their names, he may name them as John Doe 1, John Doe 2, and so forth, and must allege factual support for what each John Doe did that violated Plaintiff's rights.

In addition, Plaintiff appears to assert a Fourth Amendment claim arising from his arrest and detention in a hot vehicle for 15 minutes with the windows rolled up with no air conditioner in 113-degree weather that resulted in him having medical treatment.  Post-arrest detention in a hot, unventilated police vehicle may constitute excessive force under the Fourth Amendment. *See Kassab v. San Diego Police Dep't*, 453 F. App'x 747, 748 (9th Cir. 2011) (finding genuine issue of material fact existed as to whether police used excessive in leaving arrestee in hot police car in violation of the Fourth Amendment); *see also Burchett v. Kiefer*, 310 F.3d 937, 945 (6th Cir. 2002) (post-arrest detention in police vehicle with windows rolled up in 90 degree heat for three hours constituted excessive force under the Fourth Amendment); *Perez v. County of Los Angeles*, No. CV 22-7696 SVW (AS), 2024 WL 3280697, at *6 n.5 (C.D. Cal. June 3, 2024), report and recommendation adopted, No. CV 22-7696-SVW (AS), 2024 WL 3278930 (C.D. Cal. July 1, 2024) ("Prolonged detention in a hot, unventilated police car may amount to a Fourth Amendment violation because unnecessary exposure to heat may be objectively unreasonable under certain circumstances." (citation omitted)); *Abu v. County of San Diego*, No. 3:21-cv-01622-BTM-AGS, 2022 WL 2229423, at *5 (S.D. Cal. June 17, 2022) (concluding that post-arrest detention in a hot, unventilated police vehicle may constitute excessive force in violation of Fourth Amendment); *Gomez v. Norris*, No. 1:20-cv-00662-AWI-BAM, 2020 WL 3491585, at *4 (E.D. Cal. June 26, 2020) (same).

Although an "unnecessary exposure to heat" may cause a constitutional violation, *see Dillman v. Tuolumne County*, No. 1:13-CV-00404 LJO SKO, 2013 WL 1907379, at *10 (E.D. Cal. May 7, 2013), being briefly detained in uncomfortable conditions, such as a hot patrol car, does not amount to a constitutional violation. *See Arias v. Amador*, 61 F. Supp. 3d 960, 976 (E.D. Cal. 2014) (post-arrest detention for approximately 15 minutes in "very hot" police car with window rolled down about 4 inches not in violation of the Fourth Amendment); *Esmont v. City of New York*, 371 F.Supp.2d 202, 214 (S.D.N.Y. 2005) (finding no Fourth Amendment violation where plaintiff held in hot police car for ten minutes without injury).

At the pleading stage, Plaintiff's second amended complaint appears to state a cognizable excessive force claim based on his post-arrest detention in a hot vehicle for 15 minutes with the windows rolled up and with no air conditioner in 113-degree weather, which resulted in Plaintiff having medical treatment.  However, as with his other excessive force claim, Plaintiff has not linked the City of Fresno to this claim, and has not named any individual police officer as a defendant.  Again, if Plaintiff wishes to name any of the officers as defendants in an amended complaint, and does not yet know their names, he may name them as John Doe 1, John Doe 2, and so forth, and must allege factual support for what each John Doe did that violated Plaintiff's rights.

### IV.    Conclusion and Order

Plaintiff's amended complaint fails to state a cognizable *Monell* claim against the City of Fresno and fails to name any individual defendants in connection with his false arrest and excessive force claims.  As Plaintiff is proceeding pro se, the Court will grant Plaintiff a final opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a complaint form;

7

2.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

3.      If Plaintiff fails to file an amended complaint in compliance with this order, then the Court will recommend dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   __**January 10, 2025**__          _____ /s/ *Barbara A. McAuliffe* _____
                                                          UNITED STATES MAGISTRATE JUDGE