# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GREATHOUSE, | Case No. 1:24-cv-00715-JLT-BAM |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| v. | (Doc. 15) |
| CITY OF FRESNO, et al., | **FOURTEEN-DAY DEADLINE** |
| Defendants. | |

Plaintiff James Greathouse is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  On January 10, 2025, the Court screened Plaintiff's second amended complaint and granted him a final opportunity to amend his complaint.  (Doc. 14.)  Plaintiff's third amended complaint, filed on February 21, 2025, is currently before the Court for screening.  (Doc. 15.)

**I.      Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.    Plaintiff's Allegations in Third Amended Complaint**

Plaintiff brings this action against the City of Fresno and Fresno Police Department. Plaintiff asserts that his complaint arises from a false arrest and excessive force "that occurred [when] Plaintiff went to get his daughter from school and noticed the mother under the control of a control substance while their daughter was in the mother's case." (Doc. 15 at 1.) Plaintiff alleges as follows:

> The plaintiff called 911 and when the [John Doe] officer arrived the officer . . . told Kayla Hicks to walk off and told the Plaintiff to place his hands behind his back. Once the Plaintiff placed his hands behind his back the officer then slammed the Plaintiff against the patrol car and handcuffed him. Once John Doe handcuffed the Plaintiff and the Plaintiff told the officer "now what if that was your daughter and the mother was high." The officer John Doe then place[d] his hand on his gun as to pull it out while the defendant was cuffed and stated "what did you say about my daughter." The officer then took his hand off his gun and placed the Plaintiff in the police car and yelled at Kayla Hicks and said "he pushed you on the ground" Kay Hicks then stated no the defendant didn't and that she tripped over a tree branch. The Plaintiff was then arrested for domestic violence and was falsely lacked up in the Fresno County Jail.

(Doc. 15 at 1-2.) Plaintiff further alleges that prior to being transported to the Fresno County Jail, he "was left in the police car with the windows rolled up in 109-degree weather for 15 to 20 minutes without the air-condition on." (*Id.* at 2.) While locked up in the jail, the District

2

1  Attorney's office informed the Plaintiff that after what they had seen, they were not going to
2  pursue the case against him and dropped all charges.

3      Plaintiff states that he "is suing the city of Fresno because the City [employs] the Police
4  Department and this is why the city should be held liable." (Doc. 15 at 2.)

5      **III.**    **Discussion**

6      **A.**    **Federal Rule of Civil Procedure 10**

7      The amended complaint does not have a caption that contains the name of the individual
8  John Doe officer discussed in the body of the complaint, in violation of Rule 10(a). *See* Fed. R.
9  Civ. P. 10(a) (Rule 10(a) requires that plaintiffs include the names of all parties in the caption of
10 the complaint). The Court cannot have the complaint served on any individual discussed in the
11 body of the Complaint. *See Soto v. Bd. of Prison Term*, No. CIV S-06-2502 RRB DAD P, 2007
12 WL 2947573, at *2 (E.D. Cal. Oct. 9, 2007). Rule 10 of the Federal Rules of Civil Procedure
13 requires, among other things, that a complaint (a) state the names of "all the parties" in the
14 caption; and (b) state a party's claims in sequentially "numbered paragraphs, each limited as far as
15 practicable to a single set of circumstances." Fed. R. Civ. P. 10. Plaintiff's complaint is subject to
16 dismissal on this basis alone. *See Martinez v. Davey*, No. 16-cv-1658-AWI-MJS (PC), 2018 WL
17 898153, at *5 (E.D. Cal. Feb. 15, 2018) (dismissing, among other reasons, because "Plaintiff
18 makes allegations against numerous non-party individuals not named in the caption of the
19 complaint" in violation of Rule 10(a)). The Court does not find that leave to amend should be
20 permitted to allow for the addition of an individual defendant to the caption of the complaint.
21 Plaintiff's amended complaint makes clear that he is suing the City of Fresno and seeks to hold
22 the City of Fresno liable for the events alleged in the amended complaint. (*See* Doc. 15 at 2.)

23     **B.**    **Civil Rights Act – Linkage**

24     The Civil Rights Act under which this action was filed provides:

25     Every person who, under color of [state law] . . . subjects, or causes to be subjected,
    any citizen of the United States . . . to the deprivation of any rights, privileges, or
26     immunities secured by the Constitution . . . shall be liable to the party injured in an
    action at law, suit in equity, or other proper proceeding for redress.
27

28 42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between

the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff names the Fresno Police Department and the City of Fresno as defendants, but fails to link these entities to any wrongful conduct. Rather, Plaintiff's third amended complaint involves the alleged actions of an individual police officer.

Recent Ninth Circuit authority makes clear that "both California municipalities and police departments are 'persons' amenable to suit under § 1983." *Est. of Debbs v. County of Sacramento*, No. 2:20-cv-01153-TLN-DB, 2023 WL 4108320, at *4 (E.D. Cal. June 21, 2023) (quoting *Duarte v. City of Stockton*, 60 F.4th 566, 568 (9th Cir. 2023)). "Bringing a section 1983 claim against a municipal police department is essentially bringing the claim against the municipality." *Robertson v. Merced County*, No. 1:24-CV-00009-BAM (PC), 2024 WL 3091166, at *4 (E.D. Cal. June 21, 2024) (citing *Annan-Yartey v. Honolulu Police Dep't*, 351 F. App'x 243, 246 (9th Cir. 2009)).

Municipalities, like the City of Fresno, "cannot be held liable [for the actions of their employees] under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Instead, the constitutional injury must occur during the execution of an official "policy or custom." *Id.* at 694. "A plaintiff may assert *Monell* liability based on: (1) an official policy; (2) a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity'; (3) the act of an 'official whose acts fairly represent official policy such that the challenged action constituted official policy'; or (4) where "an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" *Bustamante v. County of Shasta*, No. 2:23-cv-01552-TLN-DMC, 2024 WL 3673529, at *2 (E.D. Cal. Aug. 6, 2024) (quoting *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008)).

As with previous iterations of his complaint, Plaintiff's third amended complaint does not allege any official policy, practice, or custom of the City of Fresno or the Fresno Police

Department, nor does it allege delegation or ratification by an official with final policy-making authority sufficient to support *Monell* liability. Plaintiff has been unable to cure this deficiency.

### C. Fourth Amendment

#### 1. False Arrest

Plaintiff alleges that this case arises from his false arrest. A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided "the arrest was without probable cause or other justification." *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). To state a claim under § 1983 for false arrest and imprisonment, however, a plaintiff must allege facts "to demonstrate that there was no probable cause to arrest him." *See Cabrera v. City of Huntingdon Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992)). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991) (quoting *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)).

At the pleading stage, Plaintiff's third amended complaint fails to allege sufficient facts to state a cognizable false arrest claim. First, Plaintiff does not allege when the events at issue took place. Second, he does not allege facts demonstrating that there was no probable cause to arrest him, as Plaintiff does not describe the circumstances at the time of officer's arrival, and suggests that the officer arrested him for pushing Ms. Hicks to the ground. Third, Plaintiff has not linked the City of Fresno or the Fresno Police Department to this claim. Plaintiff has not named the individual officer as a defendant despite being informed of the pleading and legal standards for such a claim.

#### 2. Excessive Force

A claim of excessive force in the context of an arrest or investigatory stop implicates the Fourth Amendment right to be free from "unreasonable ... seizures." U.S. Const. amend. IV; *see Graham v. Connor*, 490 U.S. 386, 394 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of

'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted). Whether a law enforcement officer's use of force was "objectively reasonable" depends upon the totality of the facts and circumstances confronting him. *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir.) (en banc) (quoting *Graham*, 490 U.S. at 397), *cert. denied*, 545 U.S. 1128 (2005).

A court must "first assess the quantum of force used to arrest the plaintiff by considering the type and amount of force inflicted." *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (internal quotation marks and brackets omitted). Second, a court balances the government's countervailing interests. This involves considering "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Using these factors, a court must determine "whether the force employed was greater than is reasonable under the circumstances." *Drummond*, 343 F.3d at 1058.

At the pleading stage, Plaintiff's third amended complaint fails to state a cognizable excessive force claim premised on allegations that John Doe police officer slammed Plaintiff into the police car and handcuffed him. "A 'forceful handcuffing' is insufficient to state an excessive force claim." *See Johnson v. Warden*, No. 2:23-cv-00908-JDP (PC), 2024 WL 170147, at *2 (E.D. Cal. Jan. 16, 2024), *report and recommendation adopted in part*, No. 2:23-cv-0908 KJM JDP (PC), 2024 WL 2411723 (E.D. Cal. May 23, 2024), *reconsideration denied*, No. 2:23-cv-0908 KJM JDP (PC), 2024 WL 3905259 (E.D. Cal. Aug. 22, 2024); *Graham v. Connor*, 490 U.S. 386, 396 (1989) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."). Further, there is no indication that John Doe officer pointed a gun at Plaintiff, and the circumstances alleged indicate that Plaintiff was arrested for a violent crime, i.e., domestic violence. Plaintiff does not provide any allegations regarding the remaining *Graham* factors as to whether he posed an immediate threat. Plaintiff also does not allege that he suffered any injury or harm resulting from the use of force. Additionally, Plaintiff has not linked the City of Fresno or the Fresno Police Department to this claim.

6

Plaintiff also appears to assert a Fourth Amendment claim arising from his arrest and detention that he was left in a police car with the windows rolled up in 109-degree weather for 15 to 20 minutes without the air-conditioning. Post-arrest detention in a hot, unventilated police vehicle may constitute excessive force under the Fourth Amendment. *See Kassab v. San Diego Police Dep't*, 453 F. App'x 747, 748 (9th Cir. 2011) (finding genuine issue of material fact existed as to whether police used excessive in leaving arrestee in hot police car in violation of the Fourth Amendment); *see also Burchett v. Kiefer*, 310 F.3d 937, 945 (6th Cir. 2002) (post-arrest detention in police vehicle with windows rolled up in 90 degree heat for three hours constituted excessive force under the Fourth Amendment); *Perez v. County of Los Angeles*, No. CV 22-7696 SVW (AS), 2024 WL 3280697, at *6 n.5 (C.D. Cal. June 3, 2024), report and recommendation adopted, No. CV 22-7696-SVW (AS), 2024 WL 3278930 (C.D. Cal. July 1, 2024) ("Prolonged detention in a hot, unventilated police car may amount to a Fourth Amendment violation because unnecessary exposure to heat may be objectively unreasonable under certain circumstances." (citation omitted)); *Abu v. County of San Diego*, No. 3:21-cv-01622-BTM-AGS, 2022 WL 2229423, at *5 (S.D. Cal. June 17, 2022) (concluding that post-arrest detention in a hot, unventilated police vehicle may constitute excessive force in violation of Fourth Amendment); *Gomez v. Norris*, No. 1:20-cv-00662-AWI-BAM, 2020 WL 3491585, at *4 (E.D. Cal. June 26, 2020) (same).

Although an "unnecessary exposure to heat" may cause a constitutional violation, *see Dillman v. Tuolumne County*, No. 1:13-CV-00404 LJO SKO, 2013 WL 1907379, at *10 (E.D. Cal. May 7, 2013), being briefly detained in uncomfortable conditions, such as a hot patrol car, does not amount to a constitutional violation. *See Arias v. Amador*, 61 F. Supp. 3d 960, 976 (E.D. Cal. 2014) (post-arrest detention for approximately 15 minutes in "very hot" police car with window rolled down about 4 inches not in violation of the Fourth Amendment); *Esmont v. City of New York*, 371 F.Supp.2d 202, 214 (S.D.N.Y. 2005) (finding no Fourth Amendment violation where plaintiff held in hot police car for ten minutes without injury).

At the pleading stage, Plaintiff's third amended complaint fails to state a cognizable excessive force claim based on his post-arrest detention in a hot vehicle for 15 to 20 minutes.

1  Plaintiff does not allege that he suffered any injury resulting from this detention.  Further, with
2  his other excessive force claim, Plaintiff has not linked the City of Fresno or the Fresno Police
3  Department to this claim.  Plaintiff has not named the individual officer as a defendant despite
4  being informed of the pleading and legal standards for such a claim.

### IV.   Conclusion and Recommendation

Plaintiff's third amended complaint fails to comply with Federal Rule of Civil Procedure 10 and fails to state a cognizable *Monell* claim against the City of Fresno or Fresno Police Department.  Plaintiff has been afforded multiple opportunities to amend his complaint, and further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 2, 2025**                    /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE