# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GREATHOUSE,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF FRESNO, et al.,<br><br>    Defendants. | No. 1:24-cv-00715-JLT-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING ACTION WITH PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 16) |

James Greathouse proceeds pro se and in forma pauperis in this this civil rights action, asserting claims of false arrest and excessive force against the City of Fresno and Fresno Police Department. (Doc. 1.) On October 3, 2024, the magistrate judge screened Plaintiff's original complaint and found that Plaintiff failed to comply with the pleading requirements of the Federal Rules of Civil Procedure or allege facts sufficient to state a cognizable claim for relief. The Court provided Plaintiff with the relevant pleading and legal standards and granted him an opportunity to file an amended complaint. (Doc. 8.) Plaintiff filed a first amended complaint on November 6, 2024. (Doc. 9.)

On November 8, 2024, the magistrate judge screened Plaintiff's first amended complaint and found that, as with his original complaint, Plaintiff failed to comply with the pleading requirements of the Federal Rules of Civil Procedure or allege facts sufficient to state any cognizable claim. The Court again provided Plaintiff with the relevant pleading and legal

1

1 standards applicable to his claims and granted him an opportunity to file an amended complaint.
2 (Doc. 10.)  Although untimely, Plaintiff filed a second amended complaint on December 18,
3 2024.  (Doc. 11.)

4      On January 10, 2025, the magistrate judge screened Plaintiff's second amended
5 complaint.  The Court found that Plaintiff failed to state a cognizable claim against the City of
6 Fresno and that, though he alleged sufficient facts to state a cognizable claim for false arrest and
7 excessive force, he did not link defendant City of Fresno to the claim, nor name any individual
8 police officer as a defendant.  (Doc. 14 at 4-7.)  The Court provided Plaintiff with the relevant
9 legal standards and granted Plaintiff a final opportunity to amend his complaint.  (*See id.* at 3-8.)
10 Plaintiff filed a third amended complaint on February 21, 2025.  (Doc. 15.)

11      On June 2, 2025, the Court screened Plaintiff's third amended complaint pursuant to 28
12 U.S.C. § 1915(e)(2) and judge issued Findings and Recommendations that recommended this
13 action be dismissed, with prejudice, for failure to state a cognizable claim.  Specifically, the
14 magistrate judge determined that Plaintiff's third amended complaint did not comply with Federal
15 Rule of Civil Procedure 10 because Plaintiff's complaint failed to include in the caption the name
16 of the individual John Doe officer discussed in the body of the complaint. (Doc. 16 at 3.)  The
17 magistrate judge determined that leave to amend to correct this deficiency was not warranted
18 because Plaintiff's amended complaint made clear that he was suing the City of Fresno and
19 sought to hold the City of Fresno liable for the events alleged in the amended complaint.  (Doc.
20 16 at 3.)  The magistrate judge further found that Plaintiff failed to link the City of Fresno or the
21 Fresno Police Department to any wrongful conduct and that the amended complaint failed to state
22 a cognizable *Monell* claim against the City of Fresno or Fresno Police Department.  (*Id.* at 3-8.)

23      The Court served the Findings and Recommendations on Plaintiff and notified him that
24 any objections were due within fourteen (14) days (Doc. 16 at 8.)  The Court also informed
25 Plaintiff that, "the failure to file objections within the specified time may result in the waiver of
26 the 'right to challenge the magistrate's factual findings' on appeal." (*Id.* at 4-5, quoting W*ilkerson*
27 *v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).)  Plaintiff filed timely objections on June 16, 2025.
28 (Doc. 17.)

1        According to 28 U.S.C. § 636 (b)(1)(c), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Findings and Recommendations are supported by the record and proper analysis. Plaintiff's objections do not meaningfully call into question the magistrate judge's reasoning. First, Plaintiff is correct that the magistrate judge does not have jurisdiction, absent consent, to dismiss his case, but that is why Findings and Recommendations were used, providing the assigned district judge an opportunity to review the matter. Second, contrary to the objections, the magistrate judge properly relied upon the well-established legal principles set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), even though the facts of *Iqbal* are not analogous to this one. Finally, to the extent Plaintiff is trying to link the City of Fresno to the claims in his case based on the fact that the City is responsible for training its police officers, this is insufficient to state a claim against the City under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *See Ismail v. Freeman*, 936 F. Supp. 2d 1157, 1164 (C.D. Cal. 2012) (holding that to state a *Monell* claim based on failure to train "the plaintiff may not show merely than one employee was inadequately trained or supervised; there must be a widespread practice."), *aff'd sub nom. Ismail v. Cnty. of Orange*, 676 F. App'x 690 (9th Cir. 2017). Thus, the Court **ORDERS**:

     1.     The Findings and Recommendations issued on June 2, 2025 (Doc. 17) are **ADOPTED IN FULL**.

     2.     This action is **DISMISSED** with prejudice.

     3.     The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **June 23, 2025**                       /s/ Jennifer L. Thurston
                                                                    UNITED STATES DISTRICT JUDGE